IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAI MATLIN and JAMES WARING, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SPIN MASTER CORP.; SPIN MASTER LTD.; ) <br> and SWIMWAYS CORPORATION ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:17-cv-07706 <br><br> Hon. Virginia M. Kendall |

**MOTION FOR RULE TO SHOW CAUSE WHY STOLTMANN LAW OFFICES
SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED**

Defendants Spin Master Corp., Spin Master Ltd., and Swimways Corp. ("Defendants") submit this motion for rule to show cause why former counsel for Plaintiffs, Stoltmann Law Offices ("SLO"), should not be held in contempt of court for failing to comply with the Court's January 30, 2020 Order to produce responsive documents by February 13, 2020. In support of this Motion, Defendants submit the following:

1. On June 10, 2019, this Court granted Defendants' Motion for Sanctions. (ECF No. 73.)

2. On December 10, 2019, this Court denied SLO's Motion to Reconsider and ordered Plaintiffs Tai Matlin, James Waring, and their terminated counsel, SLO, to jointly and severally pay Defendants' attorneys' fees in the amount of $271,926.92. (ECF No. 110.)

3. Plaintiffs and SLO have each appealed the Court's December 10 Order to the Seventh Circuit. (*See* ECF Nos. 119, 124.)

4.  On January 17, 2020, Defendants caused Citations to Discover Assets to be issued upon Plaintiffs and SLO. (*See* ECF No. 143.)

5.  On January 22, 2020, Defendants moved the Court to enter a Memoranda of Judgment. (ECF No. 130.) Plaintiffs and SLO did not file a response to Defendants' Motion.

6.  On January 27, 2020, Defendants moved for an order to examine the citation respondents, Plaintiffs and SLO, within 30 days and for an order requiring Plaintiffs and SLO to produce responsive documents within 14 days. (ECF No. 143.) Plaintiffs and SLO did not file a response to Defendants' Motion.

7.  On January 30, 2020, this Court held a hearing on Defendants' Motions. (*See* ECF No. 147.) Plaintiffs and SLO did not appear at the hearing. The Court granted Defendants' Motion for Memorandum of Judgment and Defendants' Motion for examination of citation respondents. (*Id.*) The Court ordered judgment debtors, i.e., Plaintiffs and SLO, to produce documents responsive to citations by February 13, 2020, and further ordered that the examination of citation respondents occur by February 27, 2020. (*Id.*)

8.  On February 3, 2020, Plaintiffs and SLO filed a motion to stay enforcement of the Court's December 10 Order pending appeal. (ECF No. 150.) Defendants filed an opposition on February 10, 2020. (ECF No. 152.) The Court denied the motion to stay on February 12, 2020. (ECF No. 153.)

9.  On February 13, 2020, the deadline for compliance with the Court's order, counsel for Defendants sent an inquiry to SLO regarding to the status of the document productions. (Declaration of Timothy Kelly, ¶ 2; Ex. 1.)

10. SLO did not produce any documents in response to counsel's inquiry. (Kelly Decl. ¶ 3.) Instead, Mr. Loftus, on behalf of SLO, responded to Defendants' counsel as shown in Exhibit

2. (*Id.* ¶ 3; Ex. 2.) Mr. Loftus acknowledged that while he proposed (before the January 30 hearing) a "delay" of 45 days to respond to the citation served on SLO, there was "no response to my offers," i.e., no agreement was reached. (*Id.*; *see also id.* ¶ 4; Ex. 3.) In addition, Mr. Loftus's email suggests that SLO has no intention of ever complying with the Court's January 30 Order, even belatedly, because SLO intends to request a stay of execution on the judgment from the Seventh Circuit. (*Id.* ¶ 3; Ex. 2.)

## DISCUSSION

SLO has wholly failed to comply with the Court's January 30, 2020 Order (ECF No. 147) requiring production of documents responsive to the citation and should be held in contempt.

This Court has inherent power to enforce its orders through civil contempt. *See, e.g.*, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir. 2008). "Civil contempt sanctions are appropriately imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions." *Id.* Attorneys' fees may be awarded in contempt proceedings at the court's discretion. *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005); *see also BrightStar Franchising, LLC v. Northern Nevada Care, Inc.*, No. 17-cv-923, ECF No. 112 (N.D. Ill. Jan. 15, 2019) (J. Kendall) (ordering reasonable attorneys' fees and costs incurred in connection with the rule to show cause and contempt proceedings).

To be held in civil contempt, a person must have violated a court order that sets forth an unambiguous command; the violation must be significant, meaning the alleged contemnor did not substantially comply with the order; and the alleged contemnor must have failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). The requirements for a finding of civil contempt are satisfied here.

3

Defendants' Motions were properly filed, noticed, and served upon SLO. (*See* ECF Nos. 130–31, 143–44.) SLO had the opportunity to respond to the Motions. SLO further had the opportunity to be heard at the motion hearing held on January 30 but failed to even appear. SLO has thus waived any objection it could have lodged against the Motions.

Defendants' Motion set forth that citations to discover assets were issued upon "judgment debtors Tai Matlin, James Waring and Stoltmann Law Offices, P.C." (ECF No. 43 at 2 ¶ 3.) It then requested "that judgment debtors be required to produce documents responsive to the citations . . . ." (*Id.* ¶ 5.) The Court's subsequent January 30 Order granted that Motion with the unambiguous command: "Defendants' Motion for examination of citation respondents [143] is granted. Judgment debtors shall produce documents responsive to citations by 2/13/2020." (ECF No. 147.)

SLO failed to produce any documents on February 13, made no such effort to do so, let alone a reasonable or diligent one, and does not appear to have any intention of attempting to comply in the future. In his February 13 email, Mr. Loftus acknowledged that there was no agreement to move the Court's February 13 deadline for producing documents. (Kelly Decl. ¶ 3; Ex. 2.) Yet he produced none. Mr. Loftus's stated intention to file a motion before the Seventh Circuit to stay enforcement of the Court's December 10 Order pending appeal does not somehow excuse him or SLO from compliance with this Court's January 30 Order. (*See id.* Ex. 2.)

The premise of the Court's Order was to allow Defendants the opportunity to discover Plaintiffs and SLO's assets in order to prepare for the court-ordered discovery depositions and to allow Defendants to recover the court-ordered fees granted in response to the frivolous action brought by Plaintiffs and their counsel. Non-compliance with the Court's Order both displays

4

contempt for this Court and causes injury to Defendants through further delay of these proceedings and additional litigation costs to Defendants.

Defendants respectfully request that this Court enter an order requiring SLO to show cause why it should not be held in contempt of court for failing to comply with the clear terms of the Court's January 30 Order. Defendants further request an order awarding SLO to pay all attorneys' fees and costs incurred by Defendants in connection with this motion, for all attorneys' fees and costs incurred in taking SLO's subsequent deposition once the requested documents are received, and for such other relief deemed just and proper.

Dated: February 14, 2020                    Respectfully submitted,

By: /s/ Nicole L. Little
Allen E. Hoover (IL 6216256)
Nicole L. Little (IL 6297047)
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle St., Suite 2100
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

Timothy M. Kelly (IL 6185629)
Scannell & Associates, P. C.
Suburban Bank & Trust Building
9901 S. Western Ave., Suite 100
Chicago, Illinois 60643
Telephone (773) 233-2100
Facsimile (773) 233-3032

Jonathan G. Graves (*pro hac vice*)
COOLEY LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100

5

*Attorneys for Defendants Spin Master Corp., Spin Master Ltd., and Swimways Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Civil Rule 5.5 on February 14, 2020. Pursuant to Local Rule 37.1, service upon Stoltmann Law Offices will be made via e-mail upon Alexander Loftus.

/s/ Nicole L. Little

*Attorney for Defendants Spin Master Corp., Spin Master Ltd., and Swimways Corporation*